UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 31, 2019

LETTER TO THE PARTIES

      RE:    *Beverly G. v. Commissioner, Social Security Administration*;
              Civil No. SAG-18-3919

Dear Plaintiff and Counsel:

      On December 19, 2018, Plaintiff Beverly G., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. Plaintiff did not file a motion for summary judgment before the filing deadline, but I have considered the SSA's motion for summary judgment, and Plaintiff's two filings in opposition. ECF 15, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      After prior denials of benefits, Plaintiff filed her claim for benefits on December 24, 2014, alleging a disability onset date of July 1, 2014.[1] Tr. 225-30. Her claim was denied initially and on reconsideration. Tr. 57-60, 165-66. An Administrative Law Judge ("ALJ") held a hearing on May 18, 2017, at which Plaintiff was represented by counsel. Tr. 81-106. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 60-70. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

      I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons set forth below, the ALJ applied the correct legal standards and supported her conclusions with substantial evidence.

---

[1] Although the record reflects that Plaintiff also filed an application for Disability Insurance Benefits, Tr. 222-24, it does not appear that Plaintiff litigated that claim through the appellate process. Accordingly, only her application for Supplemental Security Income is at issue.

The ALJ proceeded in accordance with applicable law, using the appropriate sequential evaluation. The ALJ found in Plaintiff's favor at step one, that Plaintiff had not engaged in substantial gainful activity since her application date. Tr. 62. At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented her from working. *See* Tr. 62-63; 20 C.F.R. § 416.920(a)(4)(ii). The ALJ determined that Plaintiff's GERD was not a severe impairment because it did not cause associated functional deficits, and that Plaintiff's left foot pain and atypical chest pain were not medically determinable impairments because no physician had found a medically determinable cause. Tr. 63. Regardless, after finding several of Plaintiff's other impairments to be severe, Tr. 62-63, the ALJ continued with the sequential evaluation and considered, in assessing Plaintiff's residual functional capacity ("RFC"), the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any listings. Tr. 63-64. In particular, the ALJ identified and considered Listings 3.02 (COPD) and 12.04 (depressive, bipolar, and related disorders) and 12.15 (trauma- and stressor-related disorders). With respect to Listing 3.02, the ALJ explained that Plaintiff did not meet the criteria for pulmonary function testing levels or frequency of hospitalizations. *Id.* With respect to the two mental health listings, the ALJ engaged in the special technique for evaluation of mental impairments, but found no more than a moderate limitation in each of the four relevant functional areas. Tr. 63-64. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). In order to satisfy the "paragraph B criteria", a claimant must exhibit either "marked" limitations in two of the four areas, or "extreme" limitation in one of the four areas. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A)(2)(b). Here, with no findings of marked limitation in any area, the ALJ concluded that Plaintiff's impairments did not satisfy the "paragraph B criteria." The ALJ also found that Plaintiff did not meet the "paragraph C criteria" of the mental health listings, which require "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00 (G). I have carefully reviewed the record, and I agree that no listings are met in this case.

In considering Plaintiff's RFC, the ALJ summarized her subjective complaints from her hearing testimony, along with an extensive and detailed review of her medical records. Tr. 65-68. The ALJ noted, among other findings, that Plaintiff had regular visits with her primary care physician, without exhibiting "significant abnormalities." Tr. 66. Similarly, the ALJ cited Plaintiff's visits to the emergency department, which generally did not result in inpatient admission. *Id.* Looking at Plaintiff's mental health treatment, the ALJ noted no hospitalizations during the relevant window following her December, 2014 protective filing date, some compliance issues, and generally consistent functioning, even during a period without treatment in late 2016 through early 2017. Tr. 66-67. As the ALJ described, treating mental health providers generally found only mild or moderate limitations associated with Plaintiff's

impairments, as reflected in medical reports and in assigned global assessment of functioning ("GAF") scores. Tr. 67, 68. The ALJ noted that Plaintiff was able to use public transportation and perform self-care with only mild deficits. Tr. 67. Finally, the ALJ assigned weight to the opinions rendered by examining and non-examining medical sources, assigning only "some weight" to the opinions of those who did not believe Plaintiff to have severe impairments, and "significant weight" to the opinion of the State agency psychological consultant. Tr. 67. The ALJ also appropriately considered and explained her evaluation of the prior ALJ opinion rendered in connection with Plaintiff's previous application, and evidence from Plaintiff's mother about her condition. Tr. 68.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find that the ALJ supported her RFC determination with substantial evidence.

At steps four and five, relying on the vocational expert's ("VE's") testimony, the ALJ determined that Plaintiff had no past relevant work. Tr. 68. However, in accordance with the VE's testimony, the ALJ determined that a person with Plaintiff's RFC could perform a restricted range of light jobs existing in significant numbers in the national economy, including order caller, cashier II, and ticket taker. Tr. 69. Because the VE's testimony constitutes substantial evidence to support the conclusion, the ALJ's determination must be affirmed.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF 15, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge